UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS (SHERMAN)

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | No. 4:18-CV-00118 |
| Plaintiff | ) | |
| v. | ) | Judge Amos L. Mazzant, III |
| | ) | |
| MARK D. GUIDUBALDI & | ) | Magistrate Judge Christine A. Nowak |
| ASSOCIATES, LLC d/b/a PROTECTION | ) | |
| LEGAL GROUP, LAW OFFICE OF, | ) | |
| MARK D. GUIDUBALDI, LLC, LAW | ) | |
| OFFICE OF SANFORD J. FEDER, LLC, | ) | **ORAL ARGUMENT REQUESTED** |
| CORPORATE BAILOUT, LLC, | ) | |
| SANFORD J. FEDER, ESQ., MARK | ) | |
| D. GUIDUBALDI, ESQ., CASHFLOW | ) | |
| CARE, LLC | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS, LAW OFFICE OF SANFORD J. FEDER, LLC AND SANFORD J. FEDER, ESQ'S MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S "ORIGINAL COMPLAINT" WITH SUPPORTING MEMORANDUM OF LAW**

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, Law Office of Sanford J. Feder, LLC and Sanford J. Feder, Esq. (collectively "Defendants") file this Motion to Dismiss Plaintiff's "Original Complaint" ("Complaint"). This Court should dismiss the Plaintiff's Complaint with prejudice as; 1) the Plaintiff fails to plead an injury-in-fact to demonstrate standing, 2) the Complaint does not state a plausible claim for relief against any of the Defendants for violations of the Telephone Consumer Protection Action, 47 U.S.C. § 227 *et seq*. (the "TCPA"), 3) this Court does not have personal jurisdiction over Sanford J. Feder, LLC and Sanford J. Feder, Esq. and 4) the Plaintiff fails to properly state a claim for vicarious liability. Therefore, dismissal is proper pursuant to Rule 12(b)(2). This Motion is supported by the following Memorandum of Points and Authorities:

## **MEMORANDUM IN SUPPORT**

### INTRODUCTION AND BACKGROUND

Plaintiff filed his Complaint against the Defendants on February 20, 2018. In his Complaint, the Plaintiff alleges that he is a resident of Collin county, Texas, with a mailing address of 300 Custer Road, Ste. 270-206, Plano TX 75075. However, in other pleadings filed with this Court and other Courts, the Plaintiff admits that he is a Tennessee resident, with a mailing address of 5543 Edmondson Pike, Ste 248, Nashville, TN 37211.

Per the Plaintiff's Complaint, the Defendants do not reside in the state of Texas. Nor does the Plaintiff allege that those non-resident Defendants have significant jurisdictional contacts to support a basis for general and specific personal jurisdiction. In fact, the Plaintiff alleges that the Defendants are residents of the state of New Jersey, and that Sandford J. Feder, Esq. is an attorney licensed in that state.

Plaintiff alleges that he received between "at least 105 calls" to his cellular telephone, and that he is continuing to compile additional calls[1]. The Plaintiff alleges that the Defendants violated certain provisions of the Telephone Consumer Protection Act under 47 U.S.C. § 227 et seq. (the "TCPA"). Specifically, the Plaintiff alleges that the Defendants violated the TCPA by placing calls to his cellular telephone using an automatic telephone dialing system ("ATDS"), pre-recorded voice and a failure to maintain a do not call list pursuant to 47 U.S.C. § 227 (c)(5) as codified by 47 CFR 64.1200(d)(4).

Congress enacted the TCPA to protect consumers against unwanted and annoying calls to a person's cellular telephone. As this Court is well aware, the Plaintiff is a notorious serial TCPA litigant. Within the last 5 years, the Plaintiff has filed at least 80 lawsuits under the TCPA in various jurisdictions. The Plaintiff seemingly uses the TCPA as a mechanism to enrich

---

[1] This allegation is clearly in violation of Federal Rule of Civil Procedure 11(b) as the Plaintiff failed to make a reasonable inquiry reasonable under the circumstances to confirm the number of calls that he allegedly received before filing this lawsuit.

himself for any calls he receives from any business. As admitted in his Complaint, the Plaintiff has four cell phone numbers. This set of circumstances is no coincidence as it was likely the Plaintiff's intention was to entrap all of the named Defendants, including those defendants not specifically addressed in this motion, in another one of the Plaintiff's infamous TCPA lawsuits. The more numbers that the Plaintiff has, the more likely that an unsuspecting caller will call the Plaintiff in violation of the TCPA (which in turns, increases the likelihood of a lawsuit). Interesting enough, the Plaintiff does not allege that he is on the national do not call list. One would think that if a person would place his cell phone number(s) on the do not call list if he was really bothered or annoyed by all the calls placed to his cell phone (what seems like a regular basis). As serial filer of TCPA Complaints, the Plaintiff encourages these calls (and possibly solicits these calls himself) in hopes of a big payday. Clearly, the Plaintiff is not the type of consumer that Congress intended to protect by enacting the TCPA.

## ARGUMENT

**I – Plaintiff fails to plead an injury-in-fact to demonstrate standing.**

The Plaintiff has the burden to plead that he has standing. *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Standing requires "(1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complaint of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F. 3d 735, 745 (5th Circuit 2009). Plaintiffs, including TCPA plaintiffs, must "clearly…allege facts" demonstrating each of those elements of standing. *Paterson* v. *Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Merely pleading a TCPA violation is insufficient to establish standing. *Morris v. United Healthcare Ins. Co*. 2016 WL 7115973. A violation of a statute, in this instance the TCPA, does not automatically create Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). In fact, *Spokeo* requires an actual injury to the plaintiff. *Id.* "*Spokeo* recognizes that at a minimum,

a concrete intangible injury based on a statutory violation must constitute a "risk of real harm' to the plaintiff. *Lee* v. *Verizon Communications, Inc.*, 837 F. 3d 523, 529 (5th Cir. 2016).

In *Romero*, the court found that a plaintiff cannot establish an injury in fact by merely pleading that the defendant's calls violated the TCPA as a matter of course. *Romero v. Dep't Stores Nat'l Bank*, 2016 WL 4184099 at 3 (S.D. Cal. Aug. 5, 2016). Furthermore, the *Romero* court found that "[e]ach alleged violation is a separate claim, meaning that Plaintiff must establish standing for each violation, which in turn means that the Plaintiff must establish an injury in fact caused by each individual call." *Id.* The *Romero* Court further explained that "…the TCPA allows private suits for such calls [made to a cell phone without consent] does not somehow elevate [a] non-injury into a concrete injury sufficient to create Article III standing." *Id.* The *Spokeo* court explained that "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). The *Spokeo* Court found that there must be an actual legal injury (or an injury in fact) to the plaintiff. *Id.* "…[A]t minimum a 'concrete' intangible injury based on a statutory violation must constitute a risk of real harm to the Plaintiff." *Lee v. Verizon Communications, Inc.* 837 F.3d 523, 529 (5th Circuit 2016). "Courts considering harm in connection with TCPA claims have noted that 'one of the purposes of the TCPA was to protect subscribers from the nuisance of unwanted calls." *Morris* at 4. The Courts have concluded that if a plaintiff is not harmed by a call that was placed in violation of the TCPA, then he does not have standing to sue under the TCPA. *Melody Stoops v. Wells Fargo Bank, N.A*. 2016 WL 3566266 at 11 (W.D. Pa. June 24, 2016). In *Stoops*, the court determined the claims of such professional plaintiff are not within the zone of interest protected by the TCPA. *Id.*

The Plaintiff's Complaint contains no allegations of any concrete harm that is particularized and actual or imminent as required by cases cited in this memorandum. Nor does

the Plaintiff establish standing for each and every call as required by the *Romero* court. The Plaintiff merely provides a generic list of what he calls "actual injuries." Furthermore, the Plaintiff fails to demonstrate the likelihood that a favorable decision will redress the injury. This is because the Plaintiff in this instance did not suffer any real harm. As a serial TCPA litigator, as evidenced by his failure to register his number with the national do not call list, the number of cell phone numbers that he uses and the sheer amount of TCPA lawsuits filed by the Plaintiff, the Plaintiff seeks out any opportunity to file a TCPA lawsuit so that he can make money by taking advantage of the generous penalties granted under the TCPA. The Court in *Stoops* said that because the plaintiff's "only purpose in using her cell phones is to file TCPA lawsuits, the calls are not "a nuisance and an invasion of privacy." *Id.* As the Plaintiff is "professional plaintiff," like the plaintiff in the *Stoops* case, the Plaintiff's Complaint should be dismissed with prejudice pursuant to Federal Rule 12(b)(1) as he will never be able to demonstrate that he suffered an injury in fact caused by the alleged phone calls.

**II – Plaintiff's fails to state a claim upon which relief can be granted.**

A motion to dismiss for failure to state a claim is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). In order for a Plaintiff to defeat a dismissal motion based on Fed. R. Civ. P. 12(b)(6), the Plaintiff must allege facts that are sufficient to raise his right to relief, "above the speculative level." *Id.* at 1965. Even though a pleading does not require detailed factual

allegations, "it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "To survive a motion to dismiss [for failure to state a claim"], a complaint must contain sufficient factual matter, as accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when a court can draw the reasonable inference that the defendant is liable for the misconduct alleged based on the factual content pled." *Id.* In determining plausibility, courts disregard "formulaic recitation[s] of the elements" of the legal claim as conclusory, and assumes the truth of all factual allegations and determines whether those factual allegations allege a plausible claim. *Id.* The *Twombly* court interpreted Fed. R. Civ. P. (8)(a)(2) to require a short statement of the claim that will "give the defendant a fair notice of what the claim is and the grounds upon which it rests." *Id.* At 1955. Otherwise, a non-specific complaint, sufficient to survive a motion to dismiss, would allow plaintiffs to obtain excessively high settlements. *Starr v. Baca*, 652 F. 3d 1202, 1215 (9th Cir. 2011).

Both the *Twombly* and *Iqbal* courts were concerned that baseless complaints could "open the gates to expensive discovery and force an extortionate settlement." *Paleteria La Michoacana v. Productos Lacteos*, 905 F. Supp. 2d. 189, 192 (D.D.C. 2012). Both the *Twombly* and *Iqbal* cases "help to prevent settlement extortion-using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit. *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt., Inc.*, 712 F. 3d 705, 715 (2d Cir. 2013). *Twombly* requires a plaintiff to provide sufficient information or "fair notice of what the claim is and the grounds upon which it rests" so that defendant is able to assess and identify the claims brought in the plaintiff's complaint. *Twombly* at 1961.

In the Plaintiff's Complaint, he provides a lengthy list of calls (including his number, the alleged incoming number and the date of each alleged call) alleged placed by one or more of the Defendants. However, the Plaintiff fails to allege whether any of the alleged calls were answered by the Plaintiff and which calls went to his voicemail. He merely states that "[m]any of the calls started with a pre-recorded message after several seconds of dead air." This allegation appears to indicate that some of the calls did not start with a pre-recorded message. This is important to note as the 5th Circuit has found that prerecorded calls made without using an ATDS and are unanswered, do not violate the TCPA. *Ybarra v. Dish Network, L.L.C.*, 807 F. 3d 635, 641 (5th Circuit. 2015). As the Plaintiff alleges damages for pre-recorded calls, the Defendants need to know which of the specific alleged calls started with a pre-recorded message, which of the specific alleged calls did not start with a pre-recorded message, which calls where answered and which calls where unanswered.

The Plaintiff's Complaint is nothing more than labels, conclusions and a formulaic recitation of the elements of the TCPA, and it fails to provide the Defendants with sufficient information or fair notice of what the claim is and the grounds upon which it rests. Therefore, the Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). as the Complaint fails to state a claim for which relief can be granted.

**III – This Court does not have personal jurisdiction over the Law Office of Sanford J. Feder, LLC or Sanford J. Feder, Esq.**

As indicated in the Plaintiff's Complaint, Defendants the Law Office of Sanford J. Feder, LLC and Sanford J. Feder, Esq. are not residents of Texas. The Plaintiff has failed to allege any basis for which the Court can find a showing of general personal jurisdiction or specific personal jurisdiction over these defendants.

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the

nonresident." *Wilson* v. *Belin*, 20 F. 3d 644, 648 (5th Cir. 1994) (quoting *Stuart* v. *Spademan*, 772 F. 2d 1185, 1192 (5th Cir. 1985). When responding to a motion to dismiss that cites a lack of personal jurisdiction as the basis for the dismissal, "the Plaintiff cannot stand on its pleadings, but must, through affidavits or otherwise, set forth specific facts demonstrating that the Court has jurisdiction." *Quilling* v. *Stark*, 2006 WL 1683442 at 3 (N.D. Tex. June 19, 2006) (quoting *Earle v. Aramark Corp.*, 2004 WL 1879884 at 2 (N.D. Tex. Aug. 16, 2004).

   a. **General Jurisdiction**

General personal jurisdiction exists when a defendant has continuous, systematic, and substantial presence in the forum state. *Companion Prop. & Cas. Ins. Co.* v. *Palermo*, 23 F.3d 557, 559 (5th Cir. 2013). As admitted by the Plaintiff in his Complaint, the Law Office of Sanford J. Feder, LLC and Sanford J. Feder, Esq. are residents of New Jersey. Further, Sandford J. Feder, Esq. is an attorney licensed in the state of New Jersey. Thus, neither him individually or his law practice would have any basis to conduct business in the state of Texas.

The Plaintiff merely alleges that the "Venue in this district is proper in that the defendants conducts significant amounts of business within this district." That statement is not enough to establish a continuous, systematic, and substantial presence in the state of Texas. As such, the Plaintiff's Complaint should be dismissed, with prejudice, as to Defendants, the Law Office of Sanford J. Feder, LLC and Sanford J. Feder, Esq., as the Plaintiff failed to allege facts to establish that this Court has general personal jurisdiction over the said Defendants.

   b. **Specific Jurisdiction**

The Texas long-arm statue imposes the same requirements as the due process requirements set forth in U.S. Constitution. *Palermo* at 559. The exercise of personal jurisdiction over a nonresident defendant satisfies the due process requirements of the Fourteenth Amendment when; (a) the nonresident defendant has established minimum contacts with the

forum state and (b) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475-76, 105 S. Ct. 2174, 2183-85, 85 L. Ed. 2d 528 (1985). The court has stated that "minimum contacts' necessary to create specific jurisdiction…must arise out of contacts that the 'defendant himself' creates with the forum state." *Id.* At 475.

In the present case, the Plaintiff fails to establish any minimal contacts between Texas and Defendants, the Law Office of Sanford J. Feder, LLC and Sanford J. Feder, Esq. The Plaintiff merely states that "[t]his Court has personal jurisdiction over the Defendants because Defendants conducts significant amounts of business within in this District..." The Plaintiff does not even allege that he was actually in the state of Texas at the time that he received the alleged calls (as he admitted in other pleadings that he is a resident of Tennessee). Nor does he allege the nature of the business that is transacted in the state of Texas. The Plaintiff needs to allege more facts demonstrating that the Defendants had minimal contacts with the state of Texas, which the Plaintiff will not be able to do as neither Defendant had minimal contacts with the state of Texas.

The truth of the matter is that the Plaintiff is not a resident of the state of Texas. He admitted to being a resident of Tennessee in his pleadings filed in other cases. The Plaintiff merely uses the state of Texas as the forum state so he can cast the widest net (as Texas is one of the largest states in the country next to Alaska) to include the most defendants possible, not just in this case, but in all of his cases that he files in Texas. Even if the alleged phone calls were made while he was in the State of Texas, the Plaintiff has not plead, with specificity; 1) the minimal contacts that each of the aforementioned Defendants had with the state of Texas, 2) any facts demonstrating that the exercise of jurisdiction over the said Defendants comports with traditional notions of fair play and substantial justice and/or 3) that the Defendants themselves created any contacts with the state of Texas. As such, the Plaintiff's Complaint should be

dismissed, with prejudice, as to Defendants, the Law Office of Sanford J. Feder, LLC and Sanford J. Feder, Esq., as the Plaintiff failed to allege facts to establish that this Court has specific personal jurisdiction over the said defendants.

**IV - Plaintiff fails to Plead sufficient facts to allege vicarious liability/agency under the TCPA.**

The Plaintiff alleges vicarious liability in his Complaint as to the Law Office of Sanford J. Feder, LLC and Sanford J. Feder, Esq. To allege vicarious liability under the TCPA, a Plaintiff must plead specific facts to demonstrate a reasonable inference of vicarious liability. *Jackson v. Caribbean Cruise Line, Inc.,* 88 F. Supp. 3d 129, 139 (E.D. N.Y. 2015). The court in *Jackson* dismissed the TCPA claim for vicarious TCPA liability where the plaintiff did not plead sufficient facts to allege a plausible basis for liability over a marketing company's text messages. In order to allege vicarious liability under the TCPA, the Plaintiff must establish an agency relationship in that the alleged principal "controlled or had the right to control" the manner and means of the marketing efforts of its agent. *Thomas* v. *Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012).

It is entirely unclear in the Plaintiff's Complaint as to; 1) which parties are agents and which parties are principles and 2) whether any parties had the right to control the manner and means of the marketing efforts of another party. In fact, the Plaintiff admits that the Law Office of Sanford J. Feder, LLC and Sanford J. Feder, Esq. (amongst other defendants not addressed in this Motion) "…refused to exercise control or authority over them to reduce or eliminate the improper sales methods." This admission and allegation eliminates the Plaintiff's ability to allege vicarious liability as it demonstrates that the Law Office of Sanford J. Feder, LLC and Sanford J. Feder, Esq. did not have control or authority over any of the other defendants. In light of the foregoing, the Plaintiff fails to allege any of the elements necessary to set forth a claim for

vicarious liability between the Law Office of Sanford J. Feder, LLC and Sanford J. Feder, Esq. and the other named defendants. Therefore, the Plaintiff's Complaint should be dismissed with prejudice.

## CONCLUSION

For the forgoing reasons, Defendants, the Law Office of Sanford J. Feder, LLC and Sanford J. Feder, Esq., respectfully requests that their Motion to Dismiss be granted and Judgment of Dismissal be entered in their favor and against Plaintiff with prejudice, with Defendants being awarded their reasonable fees.

RESPECTFULLY SUBMITTED

/s/Jason Augustine
Jason Augustine, lead counsel
Reeve, Augustine, Alarakhia, PLLC
870 S. Denton Tap Rd., Suite 290
Coppell, Texas 75019
Telephone:    972-393-4110
Fax:              972-346-6898
Jason@reeveaugustine.com

ATTORNEYS FOR DEFENDANTS LAW OFFICE OF SANFORD J. FEDER, LLC AND SANFORD J. FEDER, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2018, a true and correct copy of the foregoing was served upon all parties using the Court's electronic filing system.

/s/ Jason Augustine
Jason Augustine