UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS (SHERMAN)

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | No. 4:18-CV-00118 |
| Plaintiff | ) | |
| v. | ) | Judge Amos L. Mazzant, III |
| | ) | |
| MARK D. GUIDUBALDI & | ) | Magistrate Judge Christine A. Nowak |
| ASSOCIATES, LLC d/b/a PROTECTION | ) | |
| LEGAL GROUP, LAW OFFICE OF, | ) | |
| MARK D. GUIDUBALDI, LLC, LAW | ) | |
| OFFICE OF SANFORD J. FEDER, LLC, | ) | |
| CORPORATE BAILOUT, LLC, | ) | |
| SANFORD J. FEDER, ESQ., MARK | ) | |
| D. GUIDUBALDI, ESQ., CASHFLOW | ) | |
| CARE, LLC | ) | |
| | ) | |
| Defendants | ) | |

**MARK D. GUIDUBALDI & ASSOCIATES, LLC d/b/a PROTECTION LEGAL GROUP'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Mark D. Guidubaldi & Associates, LLC d/b/a Protection Legal Group ("Defendant" or "PLG"), by and through its undersigned counsel, hereby answers the Plaintiff's "Amended Complaint" as follows:

1. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Amended Complaint.

2. Defendant admits the allegations set forth in Paragraph 2 of Plaintiff's Amended Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint.

4. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Amended Complaint.

5. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint.

10. The allegations set forth in Paragraph 10 of the Plaintiff's Amended Complaint speak for themselves.

11. The allegations set forth in Paragraph 11 of the Plaintiff's Amended Complaint speak for themselves.

12. Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Amended Complaint.

13. The allegations set forth in Paragraph 13 of the Plaintiff's Amended Complaint speak for themselves.

## FACTUAL ALLEGATIONS

14. Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Amended Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Amended

Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Amended Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Amended Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Amended Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Amended Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Amended Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Amended Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Amended Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Amended Complaint.

## **DIRECT AND VICARIOUS LIABILITY**

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Amended Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Amended Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Amended

Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of Plaintiff's Amended Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Amended Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Amended Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Amended Complaint.

## ACTUAL DAMAGES

44. Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Amended Complaint.

## CAUSE OF ACTION I - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

45. Defendant denies the allegations set forth in this section of Plaintiff's Amended Complaint.

## CAUSE OF ACTION II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

46. Defendant denies the allegations set forth in this section of Plaintiff's Amended Complaint.

## CAUSE OF ACTION III – INVASION OF PRIVACY

47. Defendant denies the allegations set forth in this section of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

PLG does not concede or waive the issue of which party bears the burden of proof as to any of the following:

**First Affirmative Defense**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (No Use of Automatic Telephone Dialing System)

The telephone system utilized by PLG does not qualify as an automatic telephone dialing system as defined by the Telephone Consumer Protection Act ("TCPA").

### Third Affirmative Defense
### (No Use of Artificial or Pre-Recorded Voice)

The telephone system utilized by PLG does not have the capabilities to make phone calls using an artificial or pre-recorded voice.

### Fourth Affirmative Defense
### (Lack of Vicarious Liability)

PLG is not liable for the calls as alleged by the Plaintiff as any such calls, if any such calls were made, would have been made by third parties for whose actions PLG cannot be held vicariously liable.

### Fifth Affirmative Defense
### (Waiver)

Plaintiff's claims are barred by the doctrine of waiver.

### Sixth Affirmative Defense
### (Estopple)

Plaintiff has waived and is otherwise estopped from pursuing his claims.

### Seventh Affirmative Defense
### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands in that Plaintiff's own actions are the cause of his Complaint.

### Eighth Affirmative Defense
### (Frolic & Detour)

To the extent that any violation of the TCPA was committed by agents or employees of PLG in direct contravention to established company policies, such conduct by such agents or employees was unauthorized, outside the ambit of their direct duties, and not in furtherance, but in direct contravention, of PLG's policies. PLG is not vicariously liable for such acts.

### Ninth Affirmative Defense
### (Indemnification)

To the extent PLG is liable to the Plaintiff, PLG is entitled to indemnification from one or more third parties.

### Tenth Affirmative Defense
### (Lack of Due Process)

The TCPA violates the First Amendment, Firth Amendment, Sixth Amendment, Eighth Amendment, and Fourteenth Amendment to the Constitution of the United States of America and is unconstitutional under state law.

### Eleventh Affirmative Defense
### (Statute of Limitations)

The Plaintiff's claims are barred by the statute of limitations.

### Twelfth Affirmative Defense
### (Failure to Mitigate)

Plaintiff's claims are limited to the extent that he failed to mitigate his damages.

### Thirteenth Affirmative Defense
### (Duplicate Recovery)

Plaintiff's recovery is barred in whole or in part to the extent that he seeks damages that would constitute a duplicative recovery.

### Fourteenth Affirmative Defense
### (Ratification)

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification because he acquiesced to any conduct allegedly engaged in by PLG.

### Fifteenth Affirmative Defense
### (Lack of Standing)

Plaintiff lacks standing to bring the claims at issue as he has not suffered actual harm.

### Sixteenth Affirmative Defense
### (Reservation of Rights)

PLG does not yet have knowledge of all facts and evidence surrounding this matter and, as a result, reserves its rights to amend its Answer to raise additional affirmative defenses as they are discovered. PLG reserves all rights to assert any and all other and further defenses.

### Seventeenth Affirmative Defense
### (Right to Amend)

MGD reserves the right to amend its Answer, to assert additional affirmative defenses and to supplement, alter or change its Affirmative Defenses upon revelation of more definitive facts by the Plaintiff and upon the undertaking of discovery and investigation in this matter.

## Eighteenth Affirmative Defense
## (Good Faith)

The claims in the Plaintiff's Amended Complaint are barred because, at all times complained of, PLG acted without malice and in good faith, and all actions taken by PLG with regard to the Plaintiff were taken for lawful reasons and in good faith.

## Nineteenth Affirmative Defense
## (Consent)

Based on Plaintiff's actions, allegations, and/or conduct, Plaintiff consented to receive the telephones calls as alleged in his Amended Complaint.

WHEREFORE, Defendant, Mark D. Guidubaldi & Associates, LLC d/b/a Protection Legal Group, requests that this Court enter judgment in its favor, deny Plaintiff any recovery, dismiss Plaintiff's Amended Complaint and award Defendant, Mark D. Guidubaldi & Associates, LLC d/b/a Protection Legal Group such other relief as this Court deems just and equitable.

RESPECTFULLY SUBMITTED

/s/Jason Augustine
Jason Augustine, lead counsel
Reeve, Augustine, Alarakhia, PLLC
870 S. Denton Tap Rd., Suite 290
Coppell, Texas 75019
Telephone:	972-393-4110
Fax:	972-346-6898
Jason@reeveaugustine.com

ATTORNEYS FOR DEFENDANT MARK
GUIDUBALDI & ASSOCIATES, LLC d/b/a
PROTECTION LEGAL GROUP

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on February 13, 2019, a true and correct copy of the foregoing was served upon *pro se* Plaintiff Craig Cunningham by email at the following address: projectpalehorse@hushmail.com.


               /s/ Jason Augustine
               Jason Augustine